IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MILDRED GUEVARA,**

        **Plaintiff,**

v.                                                     Civil No. 2:05cv543

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

        **Defendant.**

## **OPINION & ORDER**

### **I.  Introduction**

Plaintiff seeks judicial review of Defendant's decision to deny Plaintiff disability insurance benefits ("DIB") under Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g).  A magistrate judge issued a Report & Recommendation ("R&R") on August 1, 2006, recommending that the Court grant Defendant summary judgment.  Doc. 15.  This matter is now before the Court on Plaintiff's timely objections to the R&R.  Doc. 16.

### **II.  Procedural History**

Plaintiff filed an application for DIB on July 25, 2003, alleging that a heart condition and rheumatoid arthritis rendered her disabled under the Act as of March 2, 2003.  Administrative Record (Doc. 5) ("AR") at 62-64.  Plaintiff's claim was denied and denied again upon reconsideration.  An Administrative Law Judge ("ALJ") conducted a hearing on August 11, 2004, at which Plaintiff was represented by counsel.  AR at 30-45.  Plaintiff and a vocational

expert ("VE") testified at the hearing. Id. The ALJ denied Plaintiff DIB on October 27, 2004. AR at 18-23. On August 17, 2005, the Appeals Counsel denied Plaintiff's request for review, thereby making the decision of the ALJ the final decision of Defendant. AR at 5-7.

Plaintiff sought review of Defendant's final decision by this Court on September 13, 2005. Doc. 1. Plaintiff and Defendant filed motions for summary judgment, which were referred to United States Magistrate Judge James E. Bradberry pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72. Doc. 9. On August 1, 2006, Magistrate Judge Bradberry recommended that the Court deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. Doc. 15. Plaintiff objected to the R&R on August 14, 2006. Doc. 16.

### III. Factual and Medical History

Plaintiff has not objected to the Magistrate's account of the factual and medical history in this matter. The Court therefore **ADOPTS** the factual and medical history set forth in the R&R and incorporates the same herein by reference. See R&R at 2-10.

### IV. Standard of Review

#### A. Review of the Commissioner's Decision

The role of the Court in the administrative scheme established by the Act is a limited one, restricted to determing whether substantial evidence supports the ALJ's conclusion that a plaintiff failed to meet the conditions for entitlement pursuant to the Act. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). The denial of

benefits will therefore be reversed only if no reasonable mind could accept the record as adequate to support the determination. Id. at 401. If the Commissioner's findings are supported by substantial evidence and were reached through application of the correct legal standard, the Commissioner's decision must be affirmed. Craig, 76 F.3d at 589 (citations omitted). A denial of benefits is not supported by substantial evidence if the ALJ "has not analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits." Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984).

### B. Entitlement to Disability Benefits

The ALJ must follow the five-step sequential evaluation of disability to determine whether a claimant is entitled to disability benefits. The ALJ must consider whether a claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that meets or equals a condition contained within the Social Security Administration's ("SSA's") official listing of impairments, (4) has an impairment which prevents past relevant work, and (5) if the claimant cannot perform her past relevant work, whether she has an impairment that prevents her from engaging in any substantial gainful employment. 20 C.F.R. §§ 404.1520 and 416.920. An affirmative answer to question (1), or negative answers to questions (2) or (4), results in a determination of no disability. Id. Affirmative answers to (3) or (5) establish disability. Id. The claimant bears the burden of production and proof regarding the first four steps of the inquiry. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). If the claimant can carry her burden through question (4), then the Commissioner must show that other work is available in the national economy that the claimant can perform despite claimant's condition. See id.

**V. Discussion**

The ALJ found, under steps (1)-(3) above, that Plaintiff is not currently engaged in substantial gainful activity, that Plaintiff's rheumatoid arthritis is a several impairment, and that her arthritis does not, however, meet or equal a condition in the SSA's requirements. AR at 19-21. The ALJ also found that Plaintiff's alleged heart condition was not a severe impairment. AR at 19-20. The Magistrate recommended that substantial evidence supported these findings, and Plaintiff has not objected to these recommendations in the R&R. Doc. 15 at 19-25; see Doc. 16.

The ALJ found under step (4) that Plaintiff's arthritis did not prevent her from performing past relevant work, and therefore it was unnecessary of the ALJ to proceed to step (5). AR at 20-23. The Magistrate recommended that substantial evidence supports this finding. Doc. 15 at 25-27. Plaintiff objected to the Magistrate's conclusions that substantial assistance supports the ALJ's findings that Plaintiff's pain did not preclude her from performing her past relevant work. Doc. 16 at 1. Plaintiff specifically objects on the grounds that the ALJ:

- (a) did not follow the proper legal standard when assigning weight to a November 2003 evaluation by Plaintiff's treating physician;

- (b) assigned weight to Plaintiff's testimony at the administrative hearing without a proper foundation in the record;

- (c) improperly failed to consider certain testimony by the VE;

- (d) did not engage in the proper two-step analysis to determine the existence of Plaintiff's pain; and

- (e) improperly failed to determine whether Plaintiff is capable of working on a full-time basis.

Doc. 16 at 1-7. The Court will address these objections in turn.

### A. The Treating Physician's Opinion

A treating physician's opinion is to be assigned weight in accordance with five considerations:

> (1) the length of the treatment relationship and the frequency of the examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion.

Winford v. Chater, 917 F. Supp. 398, 401 (E.D. Va. 1996) (citing 404.1527(d)(2)(i-ii) & (d)(3)-(5)). However, the ALJ need not always give a treating physician's opinion greater weight than other sources of evidence; "rather, 'the ALJ holds [the] discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence.'" Johnson v. Barnhart, 434 F.3d 650, 654 n.5 (4th Cir. 2005) (citing Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001)).

One of Plaintiff's treating physician's was Dr. A. Russell Dunnington, who conducted a functional capabilities evaluation of Plaintiff in November 2003 ("the November 2003 evaluation"). See AR at 117-19. Plaintiff asserts that the November 2003 evaluation showed that she is unable to perform her past relevant work. See Doc. 16 at 3. The ALJ determined that this evaluation lacked credibility. AR at 21. The ALJ found that the November 2003 evaluation was inconsistent with the record as a whole. Id. The ALJ further found that the November 2003 evaluation was inconsistent with a February 2004 evaluation, also by Dr. Dunnington, which stated that Plaintiff's arthritis was under "excellent control." AR at 21; see AR at 224. The ALJ summarized other records by Dr. Dunnington as showing that Plaintiff was "doing very well and is much more active and much less limited by pain than [Dr. Dunnington] stated in the physical capabilities examination." Id. at 21.

Plaintiff argues that the ALJ failed to apply the proper legal standard when assigning credibility to the November 2003 evaluation, and therefore the ALJ's credibility assignment cannot be honored by this Court. Doc. 16 at 2-3 (citing 404.1527(d)). However, the persuasive evidence above contradicted the November 2003 evaluation. Cf. Johnson at 654 n.5. After independently reviewing the AR, the Court hereby **FINDS** that substantial evidence supports the ALJ's finding that this persuasive contradictory evidence established that the November 2003 evaluation should be afforded little weight.[1]

### B. Plaintiff's Testimony

Plaintiff alleges that the ALJ assigned little credibility to her testimony regarding her pain without "a proper foundation" in the record. Doc. 16 at 5-6. Plaintiff complains that the ALJ's reference to her home activities was not proper, and Plaintiff alludes to, but does not describe (or cite to), "an error brought to light" regarding her home activities. Id.

The ALJ found Plaintiff's testimony concerning her symptoms "to be overstated, and inconsistent with her reports to her treating sources." AR at 21. Relying on Plaintiff's own September 2, 2003, Daily Activities Questionnaire, the ALJ noted that Plaintiff

> consistently reports shortness of breath with exertion but acknowledges that the morning stiffness she experiences generally resolves in less than an hour. [Plaintiff] testified that she routinely takes walks, engages in exercise, does laundry, dusts, shops for groceries, reads the newspaper, and visits with relatives twice each week. [Plaintiff] denied side effects of medication, reported that she sleeps well, and stated that she is limited to lifting items that are not heavy due to weakness in her upper and

---

[1] See AR at 107-08 (February 23, 2001, letter from Dr. James M. Sullivan), 127-28 (Dr. Dunnington's April 3, 2003, initial evaluation), 135-38 (September 24, 2003, letter from Dr. Bradley D. Sporkin), 120-22 (October 30, 2003, letter from Dr. Dunnington), 116 & 125 (November 24, 2003, letter from Dr. Dunnington), 211-12 (November 25, 2003, report by Dr. John E. Brush, Jr.), 221 (a series of Dr. Dunnington's notes), and 174-75 & 197-98 (January 12, 2004, letter from Dr. John E. Brush, Jr.).

lower limbs.

AR at 21 (citing AR at 86-92). The ALJ found Plaintiff's inconsistent testimony regarding her pain to be "not totally credible." AR at 23. The Magistrate recommended that the ALJ's findings regarding Plaintiff's assertions of pain are "supported by substantial evidence in the medical record" and that Plaintiff's testimony regarding the extent of her pain was "not supported by her statements and those of her treating physicians contained in the [AR]." R&R at 26-27. This Court's review of the record leads the Court to **FIND** that substantial evidence supports the ALJ's determination.[2]

### C. The VE's Testimony

The VE testified as to Plaintiff's past work activity and her ability to still perform such activity. AR at 40-43. Both the ALJ and the Magistrate considered the VE's testimony in reaching their conclusions. See R&R at 11-12 (describing the VE's testimony) & 25-27 (concluding that Plaintiff retained the capacity to perform past work); AR at 22 (ALJ's consideration of the VE's testimony) & 40-43 (transcript of the VE's testimony). The ALJ found that Plaintiff's past relevant work was still within her residual functional capacity, and the Magistrate recommended that substantial evidence supports this finding. R&R at 25-27; AR at 22.

---

[2] Plaintiff gave inconsistent reports regarding shortness of breath during physical exertion; acknowledged that her morning stiffness resolves in less than one hour; submitted the information in her own daily activities questionnaire that is referenced above; and reported that she does not experience side effects from her medications, sleeps well, and it is her weakness in her upper and lower arms that limits her ability to lift heavy objects. See AR at 86-89, 107, 116, 120-23, 135-38 & 174-75. Medical evidence in the AR also indicates that Plaintiff only experienced a maximum of fifteen minutes of morning stiffness and that her arthritis was under control. See AR at 107-08, 116, 120-23, 127-28, 135-38, 221 & 225.

Plaintiff asserts that the VE testified that Plaintiff would be precluded from performing her past relevant work "due to the physical limitations and restrictions <u>as set forth by her treating physician</u>," and that this testimony was improperly ignored by the ALJ and the Magistrate. Doc. 16 at 3 (emphasis added). Plaintiff's reference to the limitations and restrictions set forth by her physician is a reference to the November 2003 evaluation. <u>See</u> AR at 117-19. However, the testimony referenced by Plaintiff was clearly contingent on the ALJ finding that the November 2003 evaluation and Plaintiff's testimony were credible. <u>See</u> AR at 42 ("[b]ased on that functional capacities evaluation . . . .") & 43 ("[a]ssuming that the Judge credits [Plaintiff's] testimony [regarding her pain], would that prevent her ability to work as an office manager?").

However, the predicates for the VE's hypothetical testimony did not come to pass. As discussed above, substantial evidence supports the ALJ's credibility assessments regarding Plaintiff's testimony and the November 2003 evaluation. Setting aside the VE's hypothetical testimony, the VE simply identified and classified Plaintiff's past relevant work, and this testimony was considered by both the ALJ and the Magistrate. <u>See</u> R&R at 26-27; AR at 22-23. The Court therefore **FINDS** that substantial evidence supports the ALJ's determination that the VE's hypothetical testimony was not material.

### D. Pain Determination

Plaintiff alleges that the ALJ did not apply the proper legal standard in determining Plaintiff's pain. Plaintiff alleges that the ALJ should have first determined "whether there [was] objective medical evidence of a condition which could produce the pain," and, if so, then the ALJ should have "evaluate[d] the intensity and persistence of the claimant's pain, and the extent to which it affects [her] ability to work." Doc. 16 at 4. Plaintiff states that the ALJ "had a duty

to evaluate her complaints of pain, alongside the objective medical evidence[,] and draw conclusions from both." Id. at 5. This allegation is without merit, as the ALJ did evaluate Plaintiff's complaints of pain and the medical evidence relating thereto. See AR at 19-23. Furthermore, the Court **FINDS** that substantial evidence supports the ALJ's evaluation of Plaintiff's allegations of pain and the relevant objective medical evidence.[3]

### E. Whether Plaintiff is Able to Work Full-Time

Plaintiff further alleges that the ALJ improperly failed to determine whether or not Plaintiff is able to work full-time. Doc. 16 at 4. The ALJ concluded, however, that "because [Plaintiff] retains the capacity for a full range of sedentary work, she retains the capacity to perform the duties of her past work, as it is generally performed." AR at 22. In reaching this conclusion, the ALJ relied upon September 30, 2003, and December 24, 2003, residual functional capacity evaluations performed by the Disability Determination Section ("DDS") and upon the VE's testimony regarding Plaintiff's past relevant work. Id.; see AR at 40-43, 144-51 & 166-73. The DDS evaluations determined that Plaintiff was able to lift and carry up to ten pounds frequently and twenty pounds occasionally, to stand, sit, and walk six hours in an eight-hour day, and push or pull equal to her lifting and carrying limitations. AR at 144-51 & 166-73. The Court has reviewed the AR and **FINDS** that substantial evidence supports the ALJ's findings. By concluding that Plaintiff's impairments did not prevent her from performing her past relevant work, it was unnecessary for the ALJ to further consider whether or not Plaintiff would be able to perform other work. See 20 C.F.R. §§ 404.1520 & 416.920.

### VI. Conclusion

---

[3] See notes 2 & 3, supra.

For the reasons stated herein, Plaintiff's objections to the R&R are **DENIED**. The Court has reviewed the R&R and **ADOPTS** and **APPROVES**, in full, the findings and recommendations set forth therein. It is hereby **ORDERED** that the final decision of the Commissioner is **UPHELD**, Plaintiff's Motion for Summary Judgment is **DENIED**, and Defendant's Motion for Summary Judgment is **GRANTED**.

Plaintiff is advised that she may appeal from this Opinion and Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of entry of this Opinion and Order.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to Plaintiff and all counsel of record.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 17, 2006